DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Jeremy Allen Jackson appeals from his conviction in the Summit County Court of Common Pleas on one count of burglary. This Court affirms.
 I.
On the morning of August 3, 1998, Lisa Williams and her husband arrived at their apartment and discovered signs of an attempted break-in; it appeared that someone had tried to pry open their front door. Their apartment was one of only three in a building located at 820 East Avenue, in the city of Akron. At that time, the first floor apartment was unoccupied. Constance Clark, Clark's niece Shannon, and Shannon's boyfriend (now husband) Jackson, lived in the second floor apartment. The Williamses rented the third floor apartment. The main door to the building was secured by a lock, and the Williamses suspected that Jackson, who had access to the building, was to blame for the attempted break-in.
The Williamses contacted Clark to inform her of their suspicion. Clark and Shannon went to the Williamses' apartment to look at the door. Clark told the Williamses that she would handle the situation with Jackson. The Williamses left the apartment building.
Later that day, Lisa Williams returned to the building to talk to Clark and saw Jackson watching television in Clark's apartment. Upset that Clark had apparently not addressed the situation with Jackson, Lisa again left the building, but returned shortly thereafter with her sister, Cynthia Walker, and a friend, Jeannette. As the three women climbed the stairs to Lisa's apartment, Lisa stopped at Clark's apartment to inform Clark that she was going to unplug the extension cord that provided Clark's electricity.[1] As Lisa was speaking with Clark, Jackson began yelling obscenities at Lisa and threatening her.
Lisa, her sister, and her friend went up to Lisa's apartment, shut and locked the door, and Lisa disconnected the extension cord. Jackson became enraged when the electricity was cut off to Clark's apartment and he ran up the stairs to Lisa's apartment yelling, "Since she accused me of breaking in[,] I might as well break in." Shannon followed Jackson up the stairs, physically attempting to restrain him. Jackson violently kicked and beat on Lisa's door and continued yelling profanities and threatening her. He kicked open Lisa's door and screamed "I'm gonna kick your ass."
Lisa's sister, Cynthia, was standing closest to the door, between Jackson and Lisa. Lisa was holding a small shovel and yelling at Jackson. Shannon was standing in the hallway behind Jackson, pulling on his waist and begging him to leave before he "went to jail." Shannon ran back down the steps to tell Clark to call the police. When Jackson heard that the police had been called he fled the building, but was later apprehended by the police and placed under arrest.
Jackson was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, on August 11, 1998. Following a trial to the bench, Jackson was convicted and sentenced accordingly.
Jackson timely appeals, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR
THE TRIAL COURT'S FINDING THAT APPELLANT WAS GUILTY OF BURGLARY WAS AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE THE EVIDENCE DID NOT ESTABLISH BEYOND A REASONABLE DOUBT THAT APPELLANT TRESPASSED INTO THE VICTIM'S APARTMENT.
In his sole assignment of error, Jackson argues that his conviction is against both the sufficiency and the manifest weight of the evidence. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, citing State v. Gilliam
(Aug. 12, 1998), Lorain App. No. 97CA006757, unreported.
 Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Jackson was convicted of burglary in violation of R.C.2911.12(A)(2), which states:
 No person, by force, stealth, or deception, shall do any of the following:
* * *
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]
 Jackson avers that the prosecution failed to prove that Jackson had entered the Williamses' apartment and, therefore, his conviction must be overturned as against the manifest weight of the evidence. Jackson contends that only one witness, Cynthia Walker, testified that Jackson had entered the apartment and that her testimony was not credible and therefore not sufficient to support the trial court's finding of trespass. This argument is without merit.
After reviewing the record in the present case, it is apparent that the verdict is supported by the weight of the evidence. Both Lisa Williams and her sister, Cynthia Walker, testified that Jackson had kicked open Lisa's front door. Walker, who was standing closest to the door between Lisa and Jackson, also testified that Jackson had walked about three to four feet into the apartment. Jackson testified that he had not entered the apartment or kicked open the door, but that the door had been opened from inside the apartment. Jackson's wife, Shannon was an eyewitness to most of the altercation; at one point she ran down the steps to tell Clark to call the police. Shannon testified that the door had been opened from the inside and that Jackson had not entered the apartment. Clearly, the trier of fact found the state's witnesses to be more credible than the defense witnesses.
Under these circumstances, this Court cannot conclude that the jury lost its way or created a manifest miscarriage of justice such that Jackson's conviction must be reversed. Jackson's argument that his conviction is against the manifest weight of the evidence is overruled.
Jackson also argues that, because the state failed to prove that Jackson had entered Williams' apartment, the state failed to establish beyond a reasonable doubt the necessary elements to sustain a conviction for burglary. Such a contention is without merit. This Court has previously noted that "[b]ecausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Accordingly, having found that Jackson's conviction was not against the weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence.
 III.
Jackson's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR FOR THE COURT
WHITMORE, J., BATCHELDER, J., CONCUR
[1] The electricity to Clark's apartment had been turned off and the Williamses permitted Clark to connect an extension cord to an outlet in their apartment free of charge, so that the second floor apartment could have electricity.